Eli Bolden et al. v. Lee H. Hughes, Administrator.

Decided January 11, 1908.

**1.—Actions—Consolidation—Discretion of Court.**

Whether or not suits upon the docket of a court shall be consolidated is by statute left to the discretion of the trial judge. There was no abuse of such discretion in the refusal of a court to consolidate two suits upon two different notes secured by lien on different tracts of land where the defendant plead limitation and the form of the action in each case was changed to trespass to try title.

**2—Vendor and Vendee—Equity.**

Where, in a suit upon purchase money notes and for foreclosure of the vendor's lien, the defendant pleads limitation and the plaintiff is thereby forced to sue for the land, a prayer by the defendant that the court render a conditional judgment foreclosing plaintiff's lien on the land and permit defendant to pay into court the balance of the purchase money due, and that defendant have judgment for the land upon payment of said balance within a reasonable time, is properly stricken out.

**3.—Record—Practice.**

Where the record does not show that any action was taken by the trial

court upon a motion to strike out, an assignment of error based on an alleged ruling of the court thereon, cannot be considered.

**4.—Trespass to Try Title—Abstract of Title—Statute Construed.**

Plaintiff sued upon a vendor's lien note; defendant plead limitation and plaintiff changed the suit to one of trespass to try title for the land; defendant served notice on plaintiff to file abstract of his title, which plaintiff failed to do; on the trial plaintiff offered in evidence the deed from himself to the defendant for the land in controversy and the note sued on, both having been specially plead by him. Held, the provisions of the statute concerning the filing of abstract of title in suits of trespass to try title (Rev. Stats, arts. 5260 and 5261) had no application in such a case, and the deed and note were properly admitted in evidence.

**5.—Note—"His Mark"—Proof—Foundation of Action.**

Where a suit is founded in part on a promissory note alleged to have been executed by defendant's ancestor and there is no pleading by defendant under oath denying the execution thereof or casting doubt or suspicion on it, the note is admissible in evidence without proof of its execution, although the maker signed the note by making his mark.

Appeal from the District Court of Ellis County. Tried below before Hon. J. E. Dillard.

*Robt. B. Seay, Tom Whipple* and *Perry S. Robertson,* for appellants.—Where a plaintiff has two causes of action which may be properly joined, he should be compelled to consolidate same. Chevalier v. Rusk, Dallam, 613; St. Louis S. W. Ry. Co. v. Moss, 9 Texas Civ. App., 6; Corbet v. Provident Nat. Bank, 23 Texas Civ. App., 604; Powell v. Walker, 24 Texas Civ. App., 315.

In a suit for the establishment of a superior title, by an action of trespass to try title or in an action to foreclose a vendor's lien, the vendee may have his equities protected by paying the purchase money or offering, by appropriate pleading, to pay the same. Stone v. Boon, 73 Texas, 556; Hild v. Linne, 45 Texas, 476; Hayes v. Gallaher, 21 Texas Civ. App., 90; Halsey v. Jones, 86 Texas, 491; Howard v. North, 5 Texas, 290.

Plaintiff should not be permitted to introduce a promissory note or other private writing in evidence without first having proved its due execution. Statutes of Texas, arts. 5260-5261; 17 Cyc., p. 425, sec. 13; Lynch v. Munson, 61 S. W. Rep., 140; Staples v. Word, 48 S. W. Rep., 751; Fine v. Freeman, 83 Texas, 534.

*W. M. Tidwell* and *K. R. Craig,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by Lee H. Hughes, administrator of the estate of H. H. Rawlins, against Eli Bolden, Henry Bolden, Mary Bolden, a *non compos mentis,* Bettie Bolden, Amos Nichols, Mary Nichols, a minor, Martha Giles and her husband, Robert Giles, Owen Watters and Willie Watters, minors, to recover of said defendants the sum of $575, with interest and attorneys' fees, evidenced by a certain promissory note executed by Robert Bolden to H. H. Rawlins about August 30,

1881, and that said promissory note was given in payment of the purchase money of fifty acres of land out of the James Perry survey in Ellis County, Texas, on said date conveyed by the said H. H. Rawlins to the said Robert Bolden, and to foreclose a vendor's lien on the said land for the said purchase money.

On February 23, 1904, the defendants filed a general demurrer, special exceptions setting up the statute of limitations to said note, and a general denial. On March 5, 1906, the plaintiff filed his second amended petition, in which he sets up that he has the superior title to said land and sues in an action of trespass to try title, and asks judgment for the land. On October 4, 1906, defendants filed their second amended answer, in which they set up: 1. A general denial; 2. A plea of payment; 3. A plea of not guilty; 4. A denial that the superior title to said land was in the estate of Rawlins or his administrator; 5. Adverse possession; 6. Improvement in good faith of the land in controversy. And plead in the alternative that if the court should fail to cancel the note, then that the equities of the defendants should be adjusted; and, in effect, that the defendants should have the said land upon payment of the balance due on the purchase money for said land.

On October 4, 1906, plaintiff filed a supplemental petition, in which he demurs generally to defendants' amended answer and specially excepts to so much of said answer as prays for a conditional judgment adjusting the equities of the defendants and wherein they interpose their equitable defenses.

Said special exception was by the court sustained. On March 5, 1906, defendants filed a motion to consolidate this cause with another suit against the same parties. This motion was by the court on the same day overruled. On March 7, 1906, defendants filed a notice to the plaintiff to file an abstract of title, which was duly served on plaintiff's attorney on March 8, 1906. On October 4, 1906, the cause was tried, and, at the request of the plaintiff, the court instructed the jury to return a verdict for the plaintiff, which was accordingly done, and judgment for the land was rendered for plaintiff. Upon the overruling of defendants' motion for new trial they perfected an appeal to this court.

There was no error in the trial court's refusal to consolidate this cause with cause No. 6525. This was a suit on a note for $575, and interest, dated August 30, 1881, executed in payment of 50 acres of land in Ellis County out of the James Perry survey of 1280 acres. Suit No. 6525 was for recovery on a note for $262.50 and interest, dated January 27, 1893, said note being given in payment of 21 acres of land in Ellis County out of the Isaac Thompson 960 acre survey. The defendants, in each suit, plead limitation to the notes and plaintiff filed an amended original petition in each case in the form of trespass to try title for the respective tracts of land in payment of which the notes were executed. Whether suits shall be consolidated or not is by statute left within the discretion of the trial judge. Rev. Stats., art. 1454; Young v. Gray, 65 Texas, 99. It does not appear that defendants have suffered

any injury by the court's action in overruling the motion to consolidate the suits.

Nor did the court err in sustaining the plaintiff's exception to that part of defendants' answer which sought to invoke equitable relief of the court. The prayer for equitable relief, which was stricken out, was, in substance, "that the court render a conditional judgment foreclosing the plaintiff's lien on the land and permit defendants, or so many of them as can, pay into court the balance due on said note and that defendants have judgment for the land upon the payment of said note within a reasonable time." The defendants had interposed the four years statute of limitation to the note sued on and to avoid the effect of this plea the plaintiff was driven to a suit for the land. Thus, after the defendants had compelled the plaintiff to sue for the land, they then prayed for equity and for a conditional judgment foreclosing the vendor's lien and that they be given time to pay the money into court. They were not entitled to the relief, and there was no error in sustaining the exception to the prayer. Estes v. Browning, 11 Texas, 246; Gardener v. Griffiths, 93 Texas, 358; Nass v. Chadwick, 70 Texas, 158; Stone Land & Cattle Co. v. Boon, 73 Texas, 556; White v. Cole, 87 Texas, 502.

The record does not show that the motion of plaintiff to strike out the plea of payment of the note was called to the court's attention or any ruling made by the court in reference to the same. The third assignment complaining of the court's action in sustaining said motion is therefore not sustained by the record.

It is contended under the fourth assignment that the trial court erred in permitting plaintiff to introduce a certified copy of a deed from H. H. Rawlins to Robert Bolden. The defendants had caused notice to be served upon the plaintiff's attorneys to file an abstract of title to the land in controversy, which plaintiff failed to do. When the plaintiff offered a certified copy of the deed from Rawlins to Robert Bolden in evidence defendants objected, because there was no reservation of title therein and because the plaintiff had failed to file an abstract of his title. The court admitted the deed and also the note in evidence. The note, upon its face, recited that it was given in payment of 65 acres of land out of the James Perry survey of 1280 acres on the west bank of Trinity River in Ellis County, deeded by H. H. Rawlins to Robert Bolden, and expressly retained a vendor's lien thereon. The deed for the 65 acres recited the consideration to be a promissory note signed by Robert Bolden for $575, due in eight years, bearing ten percent interest to be paid annually, and fully identified the note. The deed and note showed an express lien to secure the payment of the purchase money and made the contract executory, and upon default in payment of the purchase money the vendor, or his administrator, could rescind the contract and recover the land. Nass v. Chadwick, 70 Texas, 158.

Plaintiff's suit was based wholly on the transaction between his decedent and defendants' deceased ancestors, evidenced by the deed and note, both of which were specially pleaded by plaintiff. The suit being to annul and rescind that sale, he could recover on no

other title and it was unnecessary to a recovery that he should deraign title from a common source. The deed and note being fully set out in the petition, the defendants had full notice of the same, and they were properly admitted in evidence. Article 5260, providing that after answer is filed either party in a suit of trespass to try title may demand the filing of an abstract of title to the premises in question, and article 5261 that in default of filing the same no evidence of the claim or title of such party so failing shall be given on the trial, do not apply in a case of this kind. The fact that no abstract of title was filed presents no reversible error. Calder v. Ramsey, 66 Texas, 219.

It is insisted that the trial court erred in permitting the note to be introduced in evidence. The objections to the introduction of the note were: (1) that plaintiff had failed to file an abstract of his title; (2) that no testimony had been introduced showing that Robert Bolden signed the note. We have disposed of the objection that plaintiff had failed to file an abstract of title.

The note was signed "Robert Bolden, his mark," and witnessed by N. D. Collins. Plaintiff's cause of action being founded in part on the note which was alleged to have been executed by defendants' ancestor, and which was not alleged to be lost or destroyed, and there being no pleading under oath denying the execution thereof or casting doubt or suspicion on it, plaintiff was entitled to introduce the note in evidence without making proof of its execution. Rev. Stats., art. 1265, sec. 8, and art. 2318. Plaintiff introduced J. A. Carpenter, who testified that he was a banker at Ferris. That he had the note for collection in the bank, and Bolden, the deceased, made one of the payments on the note, which witness entered on it. That he talked with Bolden about the notes and he, Bolden, said he wanted to pay them off as fast as he could pay them. The note fills the description contained in the deed and itself identifies the deed. It came from the custody of the payee and was twenty-five years old. Both parties were dead, and the whereabouts of the witness Collins, if living, unknown. No evidence was offered disputing the signature to the note. The court did not err in admitting it in evidence.

The trial court did not err in instructing a verdict for plaintiff and in refusing the appellants' requested charge. Nor did he err in overruling appellants' motion for new trial.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*