## McFADDIN v. STATE.

(Court of Civil Appeals of Texas. Galveston. June 24, 1911.)

ACTION (§ 55*)—CONSOLIDATION—DISCRETION OF TRIAL COURT.

Refusal to consolidate actions under Sayles' Ann. Civ. St. 1897, arts. 5232a–5232q, for the collection of delinquent taxes on separate tracts assessed in separate assessments either to third persons as owners or to unknown owners, brought in the same court on the same day, against one claiming to own all the tracts at the time of the commencement of the actions, is not an abuse of discretion conferred by article 1454, authorizing the court, in its discretion, to consolidate actions.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 55.*]

Appeal from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by the State against W. P. H. McFaddin. From a judgment for plaintiff, defendant appeals. Affirmed.

F. J. & C. T. Duff, for appellant. Blain & Howth, for the State.

REESE, J. The state of Texas, acting through the county attorney of Jefferson county, instituted in the district court of

said county against W. P. H. McFaddin 18 separate suits to recover state and county taxes, due for several years, on separate tracts of land, and to foreclose the tax lien on the property. When the cases were called for trial, the defendant moved the court to consolidate the 18 cases, and to order the costs to be taxed as though all the matters had been embraced in one suit. The court refused to consolidate, and proceeded to render judgment in each case declaring the amount due, and decreeing and foreclosing the lien on the different tracts, respectively. Defendant on this appeal complains only of the action of the trial court in refusing to consolidate the cases and to tax the costs as though only one suit had been brought embracing the several demands, which is the only question presented.

The suits were brought under the provisions of the act of 1897 for the collection of delinquent taxes. Chapter 5a, tit. 104, Sayles' Civ. St. From an agreed statement in the record it appears that none of the several tracts of land was assessed in the name of appellant. Some of them were assessed in the name of individual owners and some as the property of unknown owners, each in a separate assessment. At the time of the institution of the several suits each of the several tracts of land was claimed and owned by appellant. He did not own any of them at the time of the several assessments. All of the suits were filed in the same court on the same day against appellant alone as the owner. No personal judgment was rendered against him, the judgment finding and adjudging the amounts due and decreeing a foreclosure of the lien against appellant in each case. No question is made as to the taxes and penalties claimed in each case, and the liability of each tract embraced in the several suits, for the amount of taxes and penalties charged against it. The consolidation would only have affected, in part, the costs. These several demands might properly, we think, have been embraced in one suit; but there is nothing in the statute, the provisions of which are not very definite or clear, that requires such course. We are of the opinion that it was not improper to bring a separate suit for taxes and penalties due under each separate assessment. This being true, even if the suits had been consolidated at the trial, it would only have affected the costs accruing thereafter.

Article 1454, Sayles' Ann. Civ. St., is as follows: "Whenever several suits may be pending in the same court, by the same plaintiff, against the same defendant, for causes of action which may be joined, or where several suits are pending in the same court, by the same plaintiff, against several defendants, which may be joined, the court in which the same are pending may,

in its descretion, order such suits to be consolidated." The plain provision of the statute is that whether suits shall be consolidated or not is left to the discretion of the trial court. Young v. Gray, 65 Tex. 101; Bolden v. Hughes, 48 Tex. Civ. App. 496, 107 S. W. 92.

We do not think the refusal to consolidate was such abuse of the discretion expressly given by the statute to the trial court, and that such injury resulted to appellant by such action, as would authorize this court to interfere. The two cases cited by appellant (Raht v. State, 48 Tex. Civ. App. 106, 106 S. W. 900, and Watkins v. State, 61 S. W. 532) do not sustain appellant's contention, but, we think, quite the contrary. There is no error presented by the record, and the judgment is affirmed.

Affirmed.