PENA et al. v. BAKER. (No. 8909.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 2, 1918. Rehearing Denied Dec. 21, 1918.)

1. INJUNCTION ⚖➡118(1) — PETITION — RESTRAINT OF SUITS.

A petition to enjoin the separate prosecution of four separate suits, before a justice of the peace, on labor claims assigned, brought in the name of the assignors, is insufficient, where it does not show that the assignees of the claim sued on were parties in the justice court.

2. ACTION ⚖➡57(1) — CONSOLIDATION — DISCRETION OF COURT.

Whether separate suits for labor, which have been assigned, shall be consolidated or tried separately, is within the court's discretion under Rev. St. 1911, art. 2182.

3. ACTION ⚖➡57(2) — CONSOLIDATION OF CAUSES—STATUTE.

Suits by separate plaintiffs, suing for separate demands, each case being dependent on issues entirely disconnected and distinct, are not within Rev. St. 1911, art. 2182, relating to consolidation of causes.

4. INJUNCTION ⚖➡26(6)—RESTRAINING LAW ACTION—DEFENSES AVAILABLE.

If a plaintiff, sued before a justice of the peace on a labor claim, has lost his right to maintain suit by assigning his right of action, such defense is available before the justice.

5. JUSTICES OF THE PEACE ⚖➡124(3)—JUDGMENT—PARTIES.

A justice of the peace cannot render a judgment binding on the assignees of labor claims sued for in the name of the assignors, unless the assignees are made parties.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by James A. Baker, receiver of the International & Great Northern Railway Company, against T. Pena and others for an injunction. From a decree for plaintiff, defendants appeal. Reversed, writ vacated, and application therefor dismissed.

Graves & Houtchens, of Ft. Worth, for appellants.

John M. King, of Houston, and Thompson, Barwise & Wharton, Alfred McKnight, and Charles I. Francis, all of Ft. Worth, for appellee.

CONNER, C. J. Briefly, this proceeding was instituted by appellee by an application to the district court for an injunction to restrain the separate prosecution of four separate suits that had been filed in a justice court of Tarrant county, Tex. The suits in the justice court were by T. Pena for the sum of $3.05, and by T. Reyes for the sum of $4.30, and by P. Ybarra for the sum of $4.10. All the suits mentioned were for wages for labor separately done on the railroad of which appellee was receiver. In appellee's petition for an injunction, it was admitted that the receiver became severally indebted to the laboring plaintiffs named, but it is alleged that before payment the said plaintiffs had fully and legally assigned said wages to the firm of Graves & Houtchens, lawyers; that said Graves & Houtchens had wrongfully instituted the said several suits in the several names of the laborers mentioned for the purpose of embarrasing and vexing the receiver and of causing him useless and unnecessary costs, particularly in the way of attorney's fees allowed laborers under Revised Statutes, art. 2178, which is not available to assignees of wage claims;

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that payment of the several sums specified had been tendered to said firm of lawyers, who refused the tender.

It was also alleged that a motion had been made in the justice court to consolidate said causes, but that said motion had been overruled by the justice of the peace.

The prayer was that the several plaintiffs in the justice court and the justice of the peace and the said firm of lawyers be restrained from a further hearing of said causes so long "as they are prosecuted as separate and distinct causes."

[1, 2] We are of the opinion that the petition wholly fails to show any right to the writ of injunction issued by the district court. The petition for injunction, upon which the decree rests, does not show that the alleged assignees of the claims sued upon by the laborers were made parties in the justice court. It is not alleged that the receiver sought to do this, nor does the petition distinctly show the contents of the motion made in the justice court to consolidate the suits, so that we can determine whether the justice of the peace abused his discretion in refusing to consolidate the causes in his court. The question of whether cases of the kind shall be consolidated is, at best, one that lies within the discretion of the court, not to be controlled by a writ of injunction. See (Revised Statutes, art. 2182; Bolden et al. v. Hughes, 48 Tex. Civ. App. 496, 107 S. W. 91; Vernor v. D. Sullivan & Co., 126 S. W. 641; McFaddin v. State, 139 S. W. 991; St. L. S. W. Ry. Co. v. Woldert Grocery Co., 162 S. W. 1176; C., R. I. & G. Ry. Co. et al. v. Liberal Elevator Co. et al., 182 S. W. 355; H. & T. C. Ry. Co. v. Young et al., 137 S. W. 380; Pye et al. v. Wyatt, 151 S. W. 1086.

[3] Indeed, it seems plain, as was in effect admitted in behalf of appellee upon submission of this case, that the suits as instituted in the justice court could not have been properly consolidated by the justice of the peace. There were separate plaintiffs, suing for separate demands, and each case dependent for determination upon issues entirely disconnected and distinct. Such cases are not within the statute above cited, relating to consolidation of causes, as will be seen by reference thereto.

[4, 5] We fail to see, in the absence of the alleged assignees, as parties, how the justice of the peace could do otherwise than to hear and determine the issues of the assignment, as and when the several cases were tried in his court. If in truth T. Pena or T. Reyes, or P. Gonzales, or P. Ybarra had lost all right of recovery by reason of an assignment, and it was so proven, the effect would be to defeat the claim of the plaintiff against whom such proof was made, and such defense was clearly available in the justice court. In no other way that we can see could the justice

of the peace proceed in the absence of the appearance of the alleged assignees as parties, for it is clear that unless they were parties no judgment could be rendered by the justice of the peace that would bind them.

We conclude that the judgment of the district court should be reversed, the writ of injunction heretofore issued vacated, and the application therefor dismissed.