## STEWART v. LIPSITZ et al.

(Circuit Court of Appeals, Fifth Circuit. February 7, 1923. Rehearing Denied March 7, 1923.)

### No. 3914.

1. **Trusts ⬅140(1)—Under conveyance to trustee beneficial owner's interest held an equitable one.**

   Where L., who purchased land with money in part furnished by G., executed an agreement to convey an undivided one-half interest to G., or his heirs, executors, administrators, or any person whom they might nominate, and, after L.'s death, his administratrix conveyed to another person as trustee for G., according to the terms of such obligation G.'s interest under the laws of Texas in force in 1843 continued to be an equitable interest, and not a legal title.

2. **Deeds ⬅105—Conveyance to "heirs" does not include one who would not inherit.**

   One who would not have inherited from a deceased person, if such person had died intestate, took nothing under a conveyance to the "heirs" of such person.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Heirs.]

3. **Deeds ⬅105—Conveyance to "heirs" of person for whom land held in trust held not to include devisees.**

   Where one holding the legal title to land in trust for G. according to the terms of an obligation which required conveyance to G., his heirs, executors, or administrators, on request, after G.'s death, and for the purpose of relieving himself of the trust, and with the consent of G.'s executor, conveyed the lands to G.'s heirs, the deed could not be construed as vesting the legal title in G.'s devisees.

4. **Wills ⬅6—Conveyance to testator's heirs by person holding in trust for testator held not to defeat devise.**

   Where one holding the title to land in trust for G. according to the terms of an obligation requiring conveyance on request to G. or his heirs, executors, or administrators, after G.'s death, conveyed the land to his heirs, the conveyance did not defeat a devise in G.'s will, and the rights conferred thereby were as enforceable thereafter as before the deed was made.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Suit by Jane Gustine Stewart against Louis Lipsitz and others. From a decree for defendants, plaintiff appeals. Affirmed.

William B. Hamilton, of Dallas, Tex., and Thos. Shearon and B. B. Perkins, both of Rusk, Tex., for appellant.

Alex W. Spence, of Dallas, Tex., H. E. Lasseter, of Tyler, Tex., and Wendel Spence, of Dallas, Tex. (Spence, Haven & Smithdeal, of Dallas, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The appellant, Jane Gustine Stewart, claimed an undivided interest in a tract of land in Texas. The court decided that the claim asserted was barred by laches. It was conceded in this court that that ruling was correct, if the appellant had no legal title to the land in question, but only an equitable interest.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
286 F.—41

Appellant is a daughter of Samuel Gustine, who was the person of that name mentioned in the following part of the will of Dr. Samuel Gustine (herein referred to as the testator), who died in 1845:

"Seventh. I give, grant, devise and bequeath the remaining third part of all the before mentioned estate, residue and remainder of my estate in trust, out of the income thereof to maintain, support and educate Samuel Gustine, the natural son of my deceased brother, Lemuel P. Gustine, giving to him the advantages of the most liberal education, for which purpose I desire my executors or some one of them may obtain the Guardianship of his person, and after he shall have attained the age of majority, my said Executors, hereby also instituted trustees, shall hold the said remaining third of my estate in trust for the use and behoof of the said Samuel, paying to him the usual rents, issues and profits of the same, until he shall have married and have lawful issue, and until said issue shall attain the age or the oldest thereof of fifteen years, at which period and which event, the property is to be transferred and delivered to the said Samuel in trust and for the sole use and behoof of his lawful issue, and if deceased to the Guardianship of his said issue, but should the said Samuel die before the age above mentioned, then and in that case the aforesaid third part of the rest, residue and remainder of my estate shall be divided equally between Sister Jane E. B. Conner or her heirs and my nieces Sarah, Rebeccah, Matilda and Margaret or their issue, not subject, however, to the debts present or future of their husbands.

"Eighth. In the execution of this my last will and testament and in carrying * * * into effect the foregoing devisees and bequeaths, I do hereby authorize and empower my said executors or a majority of them to change the character of my estate or of the property thereof, by selling and disposing of the same and to purchase with the proceeds thereof, other property real or personal as they from time to time may deem to be for the advantage of the estate, or those concerned therein, or for the securement and advantageous division and distribution of the same."

Appellant's father married in 1850, and died in 1913. His oldest child attained the age of 15 years in 1870. The lands in controversy, together with other lands, were conveyed in 1837 to one Luckett by the grantee of the original patentee. Luckett received from the testator one-half of the purchase money paid for such land, and signed a written instrument, dated February 9, 1840, which, after reciting the just-mentioned fact, stated that testator had an equitable right to one undivided half of such land conveyed to Luckett, and that Luckett binds himself to convey such undivided half to testator, his heirs, executors, administrators, or to any other person whom he or they may name or nominate, whenever thereunto requested by him, them, or any of them. After Luckett's death the administratrix of his estate, pursuant to an order of the probate court having jurisdiction, by deed dated February 6, 1843, conveyed the undivided half of the lands mentioned "to Joseph F. Lewis as trustee for said Gustine according to the terms of the obligation" of Luckett. In June, 1843, pursuant to a decree of the same probate court, the lands so conveyed to Luckett were partitioned between his estate and Joseph F. Lewis, trustee for testator; the lands in controversy being awarded to said Joseph F. Lewis, trustee for testator. On March 11, 1850, Lewis executed a deed which, after reciting the execution of the above-mentioned deed to him by Luckett's administratrix, the above-mentioned partition proceedings, and "that said Lewis is desirous of being relieved of said trust, and William J. Minor, executor of said Samuel Gustine, has

consented that he should be relieved," conveyed "to the heirs of said Samuel Gustine, their heirs and assigns," the lands awarded to Lewis as such trustee in the above-mentioned partition proceeding.

[1] It was suggested in argument that the fact that aliens were not permitted to hold title to land in Texas when the testator, who was an alien of the Republic of Texas, furnished half of the purchase price of the land conveyed in 1837 to Luckett, a resident of Texas, influenced Luckett in taking the conveyance to himself alone, and explains the failure of the testator to get a conveyance to himself which he could have obtained by requesting that it be made. It is not made to appear that the testator ever consented to have the legal title to the land vested in himself or to bear any other relation to it than that of the beneficiary of the title holder's obligation to convey title when requested to do so. In behalf of the appellant it was contended that under the Spanish civil law, which was in force in Texas when the above-mentioned deed of Luckett's administratrix was executed, that instrument had the effect of vesting legal title in the testator.

We do not think that this contention is sustainable. Several decisions of the Supreme Court of Texas clearly recognize equitable titles created by instruments executed prior to the adoption of the common law in Texas, and that such obligations as that evidenced by the above-mentioned instrument executed by Luckett are executory contracts not having the effect of passing title absolutely. Hemming v. Zimmerschitte, 4 Tex. 159; De Cordova v. Smith, 9 Tex. 129, 58 Am. Dec. 136; Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238; Secrest v. Jones, 21 Tex. 121. The decision in the case of Gainer v. Cotton, 49 Tex. 101, does not purport to overrule the above-cited decisions. That case dealt with a claim of legal ownership of land made by an obligee in a bond for title who paid the purchase price in full, went into possession and held adverse possession for many years under claim of ownership. No such state of facts is presented in the instant case. So far as appears, the testator never had or claimed possession, joint or sole, of any of the land deeded to Luckett, and was content to have his equitable interest recognized by Luckett and to be the beneficiary of Luckett's agreement to convey an undivided half interest when requested to do so.

It may be inferred that the above-mentioned deed to Lewis as trustee would not have been made if, prior to its execution, testator had requested performance of the recited executory contract of Luckett. To give to that instrument the effect of vesting legal title in the testator under the circumstances disclosed would amount to holding that, by acquiring the right to have a half interest in the land conveyed to him upon request, the testator became the legal owner of that interest though he never consented to become such owner. The testator's relation to the land conveyed to Luckett was not changed by the execution of the deed of Luckett's administratrix to Lewis as trustee. By that deed Lewis took the position previously occupied by Luckett; the testator's equitable right to an undivided half of the land conveyed being recognized, and Lewis' obligation to convey being that stipulated

for in the instrument signed by Luckett. A result was that testator's interest continued, to the date of his death, to be an equitable one.

[2-4] Lewis acted in pursuance of the terms of the deed to him as trustee when, after the death of testator, he, with the consent of the executor of testator's will, conveyed to testator's heirs the land allotted in the partition proceeding to Lewis as trustee. By that deed Luckett's executory agreement to convey was executed. As appellant's father was not an heir of the testator, he was not one of the grantees in that deed. One who would not have inherited from a deceased person, if such person had died intestate, takes nothing under a grant to the heirs of such person. Waterman v. Charlton, 102 Tex. 510, 120 S. W. 171.

In behalf of the appellant it was contended that, in view of the context, the purpose to be accomplished, and the subject-matter dealt with by that deed, the word "heirs," where used therein to describe the grantees, should be construed to include devisees of the testator, as that construction is required for the transaction to have been consistent with lawfulness of purpose of the parties to it. Nothing in the language of the deed indicates that the word "heirs" was intended to have a meaning other than the above-mentioned one. The contention involves the assumption that, if that meaning was intended by the parties, the making of the deed was influenced by a purpose to defeat the will of the testator by putting the title in his heirs to the exclusion of his devisees. The assumption is unwarranted. No purpose either to carry out or defeat any provision of the testator's will is disclosed by the deed. There is no ground for imputing to the parties to the transaction any purpose other than the lawful ones expressed in the instrument, namely, to relieve the grantor of the trust under which he had held the title, and, in compliance with the obligation which the grantor had assumed, to put the title where testator's executor desired it to be upon its passing out of the grantor. The making of the deed did not have the effect of defeating the above set out devise in favor of the appellant's father and his issue. The rights conferred by that devise were as enforceable after the deed was made as they were before it was made. By that deed no beneficiary of that devise acquired a legal title or interest in the lands thereby conveyed.

It was contended that an instrument executed in Louisiana in 1846, to which the heirs of the testator and the Louisiana dative tutor of the appellant's father were parties, involved an admission by such heirs that beneficiaries of the above set out devise had a legal title or interest in Texas lands which belonged to the testator. There is no merit in that contention. The instrument referred to did not purport to deal with any property not located in Louisiana. Its language plainly negatives the conclusion that it was intended to have any effect as to land located in Texas or the title thereto.

No evidence adduced showed that appellant ever had a title to or interest in the land in question other than an equitable one. It follows that the decree complained of was not erroneous. That decree is affirmed.