# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1886.

### V. B. CLIFFORD, GUARDIAN, v. L. W. CAMPBELL, ADM'R.

(Case No. 2114)

1. ESTATES OF DECEDENTS — PREFERRED CLAIMS — SUBROGATION — ADMINISTRATORS, MISAPPLICATION OF FUNDS BY—C., a creditor of the third class of the estate of P., deceased, whose claim had been duly allowed, approved and classified, held, as security therefor, a lien on the only property known to belong to the estate. This property was sold for an amount insufficient to have satisfied C.'s claim had the whole of it been applied thereto, but the administrator, under an order of the court in which the administration was pending, and in pursuance of an agreement between him and C., applied a portion of the proceeds of the sale to the discharge of claims of the first and the second class against the estate, and the remainder to the payment of C.'s claim, leaving a balance due on the latter. Subsequently, other property belonging to the estate was discovered, which was likewise sold by the administrator, under an order of the court, and the proceeds of this sale, being insufficient to fully discharge the remaining indebtedness of the estate, were distributed, *pro rata*, by the administrator amongst the holders of claims of the fourth class and C. The administrator reported his action in the premises to the court, and C. filed exceptions to the report, claiming that she was entitled to be reimbursed, out of the proceeds of the last sale, the full amount used from the fund upon which she held a lien, in the payment of preferred claims. *Held:*

(1) That C., upon the payment of the claims of the first and the second class out of the fund upon which she held a lien, became subrogated to all the rights which the owners of those claims would have had against the property subsequently discovered had not their claims been thus satisfied, and was entitled to have paid to her, out of the proceeds of the sale of such property, an amount equal to that paid on claims of the first and the second class out of the fund which was a security for her debt, and then, as to the balance of her claim, to share, *pro rata*, with the creditors of the fourth class any fund that might remain in the hands of the administrator.

(2) That if the administrator improperly applied to the discharge of claims of the fourth class so much of the fund received from the sale of the subsequently discovered property, that there is not remaining .in his hands an amount sufficient to satisfy C.'s claim as above limited, he may be made responsible for any deficiency that may exist.

2. FACT CASE—ESTOPPEL—See this case for facts held not to operate as an estoppel.

Error from Washington. Tried below before the Hon. J. B. McFarland.

This suit originated, December, 1881, in the county court of Washington county, sitting as a court of probate. The appellant, Mrs. V. B. Clifford, as guardian of several minor children, was the holder of a claim of the third class, duly allowed, approved and classified, against the estate of T. R. Power, deceased, the same being secured by a deed of trust on lands belonging to that estate. These lands were sold by the administrator, L. W. Campbell, under an order of the county court to satisfy the lien held by Mrs. Clifford. The proceeds arising from the sale were, however, not sufficient for that purpose, and as they constituted the only assets then known to belong to the estate, the court ordered the administrator to pay all claims of the first and the second class against the estate out of this fund. Afterwards, under this order, and in conformity with a written agreement between Mrs. Clifford and the administrator, all claims of the first and the second class, aggregating $130.80, were paid out of the proceeds of the sale of the lands, and the remainder went as a credit on Mrs. Clifford's claim, leaving a balance due on the latter. Her claim was the only claim of the third class against the estate, but there were several claims of the fourth class, aggregating about $1,015.00. Subsequently other lands belonging to the estate were discovered upon which no lien existed. These lands were also sold by the administrator, and the fund realized therefrom ($710.00), being insufficient to pay in full the remaining indebtedness of the estate, was, in pursuance of an order of the court, passed September 22, 1881, distributed by him, *pro rata*, amongst the holders of claims of the fourth class and Mrs. Clifford. On November 26, 1881, the administrator filed his final account, showing his action in the matter of the distribution of the last mentioned fund, and asked that the same be approved by the court.

On December 2, 1881, Mrs. Clifford filed objections to the account, and prayed that it be revised and corrected, and that the administrator be required to pay to her, in preference to creditors of the fourth class, an amount, out of the proceeds of the last sale, equal to that paid out of the fund on which she held a lien, in satisfaction of preferred claims. The county court overruled Mrs. Clifford's objections, denied the order asked by her and approved the account, from which ruling she appealed to the district court. In September, 1883, the district court heard the cause on appeal, and rendered judgment therein that Mrs. Clifford and P. P. Clifford, her husband, who, pending the proceedings in that court, had been made, *pro forma*, a party plaintiff with her, take nothing by their suit, etc., and from that judgment they have prosecuted their writ of error.

There were eleven assignments of error, but the fourth, fifth and sixth assignments, it is believed, present the points discussed in the opinion, and are as follows:

4. The court erred in holding that plaintiff should have applied to the county court while the funds were still in the hands of the administrator, to have the assets marshalled in her favor, and that having failed to so apply, she is not entitled to recover the amount paid out by her on first and second class claims.

5. The court erred in holding that plaintiff having received a *pro rata* share of the money distributed amongst the creditors is estopped from demanding any additional amount from the administrator in repayment for the amount expended by her in paying off first and second class claims.

6. The court erred in holding that it is not the duty of an administrator to repay, out of funds the estate may hereafter receive, to a creditor of the third class whose special fund has been applied, in whole or in part, to the satisfaction of claims of the first and the second class, the amount so applied, in preference to creditors of the fourth class.

*R. S. Parver*, for plaintiff in error, that a holder of a claim of the third class, whose fund constitutes the only known property of the estate, and who pays out of such fund claims of the first and the second class, is subrogated to the rights of the first and the second class claimants, and is entitled to reimbursement, to the extent of such advancement, out of subsequently discovered property before payment of claims of the fourth class, cited: Lockhart *v.* White, 18 Tex. 102, 108; Wahrmund *v.* Merrit & Metcalf, 60 Tex. 24; Amory *v.* Lowell, 1 Allen, 504; Johnson *v.* Child, 4 Hare, 87; 3 Redfield on Wills, p. 354, sec. 13 p. 355, sec. 14 p. 367, secs. 19, 22, p. 368, sec. 23 p. 375, secs. 35, 36; 3 Pom. Eq. secs. 1211, 1212, 1300, 1419.

That a holder of a claim of the third class subrogated to the rights of creditors of the first and the second class, by reason of their claim having been paid out of his special fund, is not required to apply to the probate court for a marshalling of the assets whilst in the hands of the administrator, in order to fix his right of priority over creditors of the fourth class, to payment out of subsequently discovered assets, he cited: R. S., 2006, 2025, 2037, 2039, 2041, 2042, 2068; Lockhart *v.* White, 18 Tex. 102-108.

That it is the duty of an administrator to pay over, on demand, any amount that may be due to a creditor of the third class, by virtue of his subrogation to the rights of creditors of the first and the

second class, and that for a diversion thereof the administrator will be responsible, he cited: State *v.* Steele, 57 Tex. 200-204; Echols *v.* McKie, 60 Tex. 41, and authorities cited.

On the question of estoppel, he cited: R. S., art. 2039; Lockhart *v.* White, 18 Tex. 102-108; Evans *v.* Tucker, 59 Tex. 249.

No brief on file for defendant in error.

STAYTON, ASSOCIATE JUSTICE.—There can be no question as to the right of the plaintiff in error to have had appropriated to the payment of her probated claim the proceeds of the property on which she had a lien, if there had been no one having a preferred claim. Her claim, when probated, was properly classed as a claim of the third class, and under the law she was compelled to surrender so much of the proceeds of the property on which she had a lien as was necessary to discharge claims of the first and of the second class, it not appearing at the time the probate court made an order to that effect that there was any other property of the estate out of which the first and the second class claims could be paid.

The agreement made by her agent and affirmed by the probate court was, in legal effect, that she would surrender so much of the proceeds of the property on which she had lien as was necessary to satisfy first and second class claims, which is exactly what the law would have compelled her to do had the property of the estate, as all parties then supposed, consisted solely of the proceeds of the property on which she had lien.

The agreement made by her agent, considered in connection with the orders of the probate court, needed not the aid of extrinsic evidence to show its real character. Had it been known that there was other property of the estate, out of which the first and second class claims could be paid, as was afterwards discovered to be true, the probate court would or should have appropriated the entire proceeds of the property on which she had lien towards the payment of the debt due to her.

The property subsequently discovered was sold by the administrator for $710, and out of that the plaintiff in error was entitled to have paid to her a sum equal to that which had been paid on first and second class claims out of the proceeds of the first sale, on which she had a lien, for she is entitled to be subrogated to all the right which creditors of the first and the second class would have had against the funds last received, had not their claims been satisfied out of funds to which the plaintiff in error was entitled, at a time when all parties

believed that there was no other funds out of which such preferred claims could be paid. Instead of this, as the judgment now stands, she is made to pay out of a fund to which she was clearly entitled, the amounts due on first and second class claims, and is permitted to share in the fund out of which these claims should have been paid, only as do the holders of fourth class claims.

The record shows that she was entitled to receive a sum equal to the entire proceeds of the property on which she had a lien. To give her this it was necessary to add to the sum which she had received such sum as was taken from the fund to which she was entitled to pay first and second class claims. After such sum was taken from the proceeds of property on which she had no lien, she was entitled, upon the balance of her claim, to share *pro rata* with fourth-class creditors any fund which might remain in the hands of the administrator.

There is nothing in the record to estop the plaintiff in error from demanding and receiving what we have indicated she is entitled to; and, if the administrator has improperly appropriated to the payment of fourth class claims so much of the fund received on the last sale of property that there does not remain in his hands enough to satisfy her demand, as above limited, then he may be made responsible for any deficiency that may exist. Evans *v.* Taylor, 60 Tex. 422.

The judgment of the court below will be reversed and the cause remanded, with instructions to the district court to enter a judgment in accordance with the rights of the parties, as indicated in this opinion.

REVERSED AND REMANDED.

[Opinion delivered January 12, 1886.]