MORTON J. SMITH, ADMINISTRATOR, v. F. G. OWEN.

Decided February 1, 1908.

**1.—Vendor and Vendee—Partial Waiver of Lien.**

S. sold a tract of land to O., reserving a vendor's lien to secure a part of the purchase money; O. sold portions of the tract to different parties, retaining only a small part of the land for himself; the purchase money note given by O. to S. was reduced by payments to a small balance, and to accommodate O., a release of the vendor's lien on the part sold by him, was executed by S.; the original note from O. to S. was renewed several times, O. always acknowledging the existence of the lien to secure the unpaid balance; in a suit by the administrator of S. to rescind the contract of sale and to recover from O. that portion of the original tract still owned by him, the court instructed a verdict for the administrator for an undivided pro rata portion of the land retained by O. Held, error. The administrator was entitled to recover the entire portion retained and owned by O.

**2.—Same—Homestead.**

The homestead right cannot be asserted against a prior lien for the purchase money.

**·3.—Same—Rescission—Equities—Pleading.**

In a suit by a vendor for the rescission of a sale of land ·the vendee is not entitled to an adjustment of equities in the absence of pleading and proof showing the existence of equities. A mere offer in the answer of the vendee to pay any sum the court may determine to be due as unpaid purchase money, is not sufficient.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

· *J. K. Parr, Works & McKee* and *Vaughan & Basham,* for appellant.—The court erred in instructing the jury to return a verdict in favor of the plaintiff for an undivided interest of 5-37ths in and to the 62 1-3 acres sued for and described in plaintiff's petition as the evidence without contradiction established plaintiff's right to recover all of said 62 1-3 acres of land. Jackson v. Palmer, 52 Texas, 427; Harris v. Catlin, 53 Texas, 9; Webster v. Mann, 52 Texas, 425; Moore v. Giesecke, 76 Texas, 543; White v. Cole, 9 Texas Civ. App., 277; Renfro v. City of Waco, 33 S. W. Rep., 766.

The sale made by Owen of the five different tracts of said 458 acres of land, aggregating 392 acres, to five different vendees, in law had the effect as between said Owen and his vendees of releasing the vendor's lien existing in favor of Sneed to secure the payment of the balance due on said note for $1,405.30 and placed the burden for the payment and satisfaction of the balance due on said note and lien against that portion of said 458 acres remaining unsold. Lattimore v. Provine, 69 S. W. Rep., 224; Burson v. Blackley, 67 Texas, 12; Krause v. Pope, 78 Texas, 478.

*Morrow & Smithdeal,* for appellee.—The appellee having bought from N. T. Sneed 458 acres of land, against all °of which a vendor's lien existed, and a part of the land having become the homestead of Owen before the lien was discharged, the portion occupied by him

as a homestead would be liable for its pro rata part of the vendor's lien, and could not be made liable for more than its pro rata part. Morrison v. Lazarus, 90 Texas, 39; Hillyer v. Westfall, 67 S. W. Rep., 1045; Building Assn. of Dakota v. Logan, 33 S. W. Rep., 1089; Walters v. Texas Bldg. Assn., 8 Texas Civ. App., 500.

RAINEY, CHIEF JUSTICE.—On February 14, 1878, N. T. Sneed sold to F. G. Owen 458 acres of land, Sneed executing to Owen his deed of conveyance to said land, in which deed a vendor's lien was reserved to secure a note for $1,405.30, executed by Owen to Sneed. During the years 1881 and 1882 Owen conveyed to different parties by four separate deeds, parts of said land, aggregating about 392 acres, leaving remaining about 62 acres still in the hands of Owen. In January, 1888, the $1,405.30 note had been reduced to $111.08, for which amount Owen executed to Sneed a renewal note. On said last date Sneed executed a deed of release of his lien on the five tracts conveyed by Owen, which release concluded as follows: "Now, therefore, I, N. T. Sneed, in order to accommodate the said Owen and the several parties to whom he has sold said several tracts and for the consideration of $1.00 to me in hand paid, I hereby release and quitclaim my vendor's lien to the said vendees of the said Owen to the said lands above enumerated and still retain my vendor's lien upon the 66 acres of said 458 tract, now occupied by the said F. G. Owen for the said sum of one hundred and eleven dollars and 8-100, balance of the purchase money due me for said land, and the F. G. Owen has this day executed and delivered to me his promissory note bearing even date herewith, which note bears 10 percent interest from date."

After this N. T. Sneed died and Morton J. Smith qualified as the administrator of his estate. Smith found among Sneed's papers the $111.08 note given for the land, and a note for $220 given for rent. To cover these two notes Owen, on December 5, 1892, executed to Smith as administrator a note for $620, principal and interest, which contained the following provision: "This note is given in renewal of notes for purchase money of 458 acres of land, in Hill County, Texas, conveyed to F. G. Owen by N. T. Sneed by deed dated February 14, 1878, and recorded in vol. 19, page 251, of deed records of Hill County, Texas, 392 acres of which said land has been released as per release dated January 4, 1888, recorded in vol. 19, page 252, of Hill County deed records, and for the payment hereof, together with the interest hereon, according to the tenor and reading hereof, a vendor's lien is hereby acknowledged, and in case of legal proceedings on this note, I agree to pay 10 percent on the amount of attorney's fees."

Owen admitted the execution of the last note, that none of it had been paid, and that the old notes had been destroyed. Owen is the head of a family and lives on said 62 acres of land.

In August, 1902, Smith, as administrator, brought this suit against Owen to recover an undivided portion of said 458 acres of land. By amended petition filed March 14, 1907, as basis for recovery, plaintiff alleged the sale of the land by Sneed to Owen, the

execution of the note for the purchase money, the retaining of the vendor's lien, the release of the lien as to that part of the land conveyed by Owen, the death of Sneed, the renewal of the notes with the administrator and the balance due thereon, that Sneed held the superior lien and a prayer for recovery of the land held by Owen.

Owen plead the general issue, not guilty, limitation of three, five and ten years as a bar to the recovery of the land, estoppel by reason of having waived the vendor's lien, homestead, four years limitation as to any vendor's lien, and especially plead: "Now, defendant says that in the execution of said release that it was executed to other parties other than defendant, who had purchased part of said land, and plaintiff's intestate discharged and quitclaimed all interest he had in said premises, and at the time of said release if there was any purchase money unpaid and same defendant executed the sum of $111, which was at the time a charge against all of the 458 acres, and that by the execution of said release plaintiff's intestate undertook to make it a charge against a tract of 60 acres held and owned by defendant as a homestead and thereby made it a contract lien rather than a vendor's lien, but if the court should hold that said $111 was purchase money and that to that extent the plaintiff's intestate has an interest in the premises or that to any extent he has an interest in the premises by reason of unpaid purchase money, he prays that equity in the matter be adjusted and offers to pay said unpaid purchase money such as may be determined by the court, and offers to do equity in the premises and prays for general relief."

The court instructed the jury to return a verdict for plaintiff for an undivided interest in and to the 62 1-3 acres sued for and described in plaintiff's petition, and a verdict was returned in accordance with said instructions and judgment rendered accordingly, from which plaintiff prosecutes this appeal.

We presume the theory upon which the trial court predicated his instructions was that the lien covered the entire 458 acres, and that by reason of Sneed having released the lien on the part that had been conveyed by Owen, the lien that existed to secure the money unpaid should be prorated as to the 62 acres.

Under some equitable conditions this rule might apply. Does it apply in this case? By a long line of decisions in this State it has been held that where a man sells land and a lien is retained in the deed to secure the unpaid purchase price, the superior title remains in the vendor until it is paid, or the vendor does some act which waives his right, or some condition arises which would make it inequitable for him to assert his superior title, but in such cases the vendee can not refuse to pay the purchase money and hold the land. The vendor is entitled either to his money or the land.

We are unable to see upon what principle the trial court based his theory for prorating in this case. Every acre of the land, either singly or collectively, was subject to the lien for the purchase money. Neither the decedent nor his administrator has done anything to waive the lien on the 62 acres, unless indulgence in not sooner en-

forcing the payment of the amount due can be considered a waiver, and surely in equity the defendant ought not to be allowed to take advantage of that. His waiving the lien on the part sold by Owen should not work an estoppel as to Sneed, as such release was made to accommodate Owen, and it was made with the understanding that the lien should remain on the 62 acres. According to the testimony of Owen the consideration for which he sold the land was paid to Sneed, and there still remained $111.08 due on the land, for which amount Owen executed his note in renewal of the first note and therein he acknowledged a lien existed on the land remaining. There is nothing in the act of Sneed, or Smith, his administrator, that relieves Owen of the burden he assumed. He should have paid the debt or show some ·equity to prevent a rescission, and he can not defeat the debt without paying the purchase price due on the land. Nor can his plea of homestead avail him anything. Homestead right is not superior to a prior lien for purchase money.

The case of Morrison v. Lazarus, 90 Texas, 39, is cited in support of the judgment in this case. The facts of the two cases are entirely dissimilar as will, we think, be readily seen by a reference to the Morrison-Lazarus case; therefore the said case is not applicable.

The appellee attempts to defeat a rescission of the contract and recovery of the land by plaintiff by an offer in his pleading to pay any sum the court may determine to be due as unpaid purchase money. There are no equities pleaded and proven that entitle appellee to defeat a rescission. It is true, he pleads that in addition to the note for $1,405.30, he paid $1,000 at the time he made the purchase, but there is no proof of that fact. The payments made on the note were derived from the land sold by Owen. Owen swore he lived on the land with his family, but there is not a word of proof that improvements were made by him on the land, and it is presumable that he derived some benefit from the use of the land. Besides, he interposes the statute of limitation of four years, "so far as any claim against him on account of any vendor's lien charged to have been executed by him is concerned." This plea precludes the adjustment of any equities in his favor that might allow ·him to pay the purchase money unpaid and hold the land. Bolden v. Hughes, 48 Texas Civ. App., 496, and authorities there cited.

Under these facts the defendant was not entitled to any relief.

This decision is based on the fact that there remains due and unpaid $111.08 and interest of the original purchase money. No part of the rental note for $220 and interest is taken into consideration, as the lien given to secure said rent could not be enforced against the homestead.

There being no conflict in the evidence, the judgment will be reformed and here rendered for plaintiff for all the land sued for. See Bolden v. Hughes, *supra,* and authorities there cited. White v. Cole, 9 Texas Civ. App., 277.

*Reformed and rendered.*

Writ of error refused.