## GANTT v. McCLELLAN.   (No. 6558.) *

(Court of Civil Appeals of Texas. Austin. March 21, 1923. Rehearing Denied April 25, 1923.)

**1. Vendor and purchaser ⬤⤳281(3)—Evidence held to sustain findings that consideration for land conveyed by third person to defendant was paid by vendor.**

In a suit by a vendor against a purchaser of land and gravel rights on a purchase-money note and to foreclose a vendor's lien, evidence *held* to support findings on special issues that the consideration for gravel rights on 39 acres of land conveyed by a third person to defendant was paid by plaintiff, and that the deed to it was executed and delivered with the understanding that it was purchased from plaintiff and on the same terms and conditions as the rest of the land in question.

**2. Vendor and purchaser ⬤⤳281(3)—Evidence in suit to foreclose vendor's lien held to sustain finding that vendor was legal holder of unpaid note for land which purchaser had not sold.**

In a suit by a vendor against a purchaser of land and gravel rights on a purchase-money note and to foreclose a vendor's lien, evidence *held* sufficient to support findings by the trial court that the note was due and unpaid; that plaintiff was its legal owner, and had presented it in court for cancellation; that defendant had failed to sell any of the lands and gravel rights within 12 months after purchasing them; and that defendant had pleaded no equitable defense against plaintiff's cause of action.

**3. Vendor and purchaser ⬤⤳280(1)—Allegations of petition held sufficient to create equitable title or lien on land superior to legal title.**

In a suit by a vendor against a purchaser of land and gravel rights on a purchase-money note and to foreclose a vendor's lien, a petition alleging that plaintiff paid a third person for gravel rights in a tract of land, and that it was agreed that the tract was to constitute a part of the lands and gravel rights agreed to be conveyed by plaintiff to defendant, that it was taken as a part thereof, and that the note was executed in part payment of that tract, was

sufficient, when sustained by proof, to create either an equitable title or lien in plaintiff superior to the legal title vested in defendant by the deed from the third person to him.

**4. Trusts ⬱72—Resulting trust is created in behalf of person furnishing money to buy land.**

Where one takes the legal title to land, or any right therein purchased with the funds of another, with the understanding that it is to be included as a part of other lands contracted to be conveyed between the parties by separate deed, all of which lands and rights are pledged to secure the payment of a note given as a part of the purchase price, a resulting trust is thereby created in behalf of the party furnishing the funds with which to purchase the land.

**5. Appeal and error ⬱1061(4)—Refusal of instructed verdict not error where issue when submitted to jury was found against person asking it.**

In a suit by a vendor against a purchaser of land and gravel rights on a purchase-money note and to foreclose a vendor's lien, refusal to direct a verdict for defendant as to gravel rights in a tract of land conveyed to him by a third person, for which plaintiff paid the consideration, was not error, in view of the fact that the jury found that the tract was to be taken and considered a part of the contract between plaintiff and defendant relating to the conveyance of other land and gravel rights; the testimony supporting the finding of the jury.

**6. Appeal and error ⬱218(2)—Trial ⬱352 (1)—Special issue held not doubtful and confusing and not reversible error in absence of corrective instruction.**

In a suit by a vendor against a purchaser of land and gravel rights on a purchase-money note and to foreclose a vendor's lien, in which gravel rights in part of the land in question had been conveyed to defendant by a third person, a special issue asking whether the deed to the land so conveyed was executed and delivered to defendant with the understanding that the land was to be taken by defendant on the same terms and conditions that other tracts of land and gravel rights were purchased by defendant from plaintiff was not confusing and of doubtful meaning, and an objection on that ground was without merit for the further reason that defendant presented no special charge attempting to cure such alleged defect.

**7. Cancellation of instruments ⬱42—Supplemental petition held sufficient to warrant rescission of executory contract of sale.**

In a suit by a vendor against a purchaser of land and gravel rights on a purchase-money note and to foreclose a vendor's lien, a supplemental petition alleging an executory contract for the sale of land and gravel rights, that defendant breached the same in failing to pay the purchase money note therefor, that plaintiff was equitable owner by reason of reservation of title to secure payment of the note, which he tendered into court and prayed cancellation of the note, deed, and contract for rescission of the executory contract, and for title and possession of the land and gravel rights, was sufficient, if sustained by proof, to warrant a rescission of the contract.

**8. Cancellation of instruments ⬱42—Permitting filing supplemental petition to rescind conveyance not error.**

In a suit by a vendor against a purchaser on a purchase money note and to foreclose a vendor's lien, where defendant evaded service of process for the preceding term of court, and by his answer did not tender the amount due on the purchase-money note, pleaded fraud by plaintiff and sought recovery therefor, alleged a partial failure of title, asked for cancellation of the note because of fraud and a partial failure of title, prayed for recovery of money paid on the lands and gravel rights, but did not tender the deed thereto and ask for cancellation, or offer to account for the rents and revenues while he was in possession, he was not entitled to notice of plaintiff's intention to file a supplemental petition asking for a rescission of the executory contract of sale.

**9. Equity ⬱66—Does not aid one not offering to do equity.**

Equity does not exert itself in behalf of one not offering to do equity.

**10. Vendor and purchaser ⬱104—Remedies of defendant in suit for rescission of executory contract for sale of real estate stated.**

Where one is sued for a rescission of an executory contract for the sale of real estate because of failure to pay a purchase-money note, he may tender the balance due on the note and defeat a rescission, or he may surrender the land, tender the deed into court and ask for its cancellation, account for rents and revenues of land while in possession, and ask for a recovery of the purchase money and such other matters as equity would entitle him to receive.

**11. Vendor and purchaser ⬱308(8)—Purchaser under warranty deed not precluded from defending on ground of defect of title when sued on purchase-money note.**

Where one takes title under a warranty deed and executes a note in part payment with the understanding that the title was good, or without knowledge of defects therein, he would not be precluded from defending against a recovery on the purchase-money note or to have it abated to the extent of loss by reason of the partial failure of title, and in such event he would not have to tender into court the lands or the deed thereto for cancellation, nor would he have to do so if he went into possession under a contract that the title would be cured by the grantor.

**12. Vendor and purchaser ⬱175—Purchaser who took with constructive and actual notice of defects of title presumed to have taken a chance on title.**

In a suit by a vendor against a purchaser on a purchase-money note and to foreclose a vendor's lien, defended on the ground of defects in title of land conveyed, where defendant had constructive notice of the defects and where the jury found that he had actual knowledge of the defects in title at the time of the

⬱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

conveyance to him and of taking possession, and that plaintiff was not to cure the defects in title, it will be presumed that defendant assumed the title in the condition in which it was and took a chance, and on rescission 'he was not entitled to abatement by plaintiff for loss of part of the land by reason of partial failure of title.

**13. Vendor and purchaser ⚌98—Purchaser with knowledge of defects of title held to have no right to return of cash paid.**

In a suit by a vendor against a purchaser on a purchase-money note and to foreclose a vendor's lien, where the jury found that the purchaser took with knowledge of defects of title, and defendant pleaded no facts entitling him to any equitable relief, rescission of the contract of sale without returning a cash payment by defendant was not inequitable or unjust.

Appeal from District Court, Lee County; R. J. Alexander, Judge.

Action by F. S. McClellan against W. B. Gantt. From judgment for plaintiff, defendant appeals. Affirmed.

E. T. Simmang, of Giddings, for appellant.
The Bowers, of Giddings, for appellee.

BLAIR, J. This is an appeal from a judgment granting a rescission of an executory contract of sale of real estate, upon a failure to pay the vendor's lien note given as a part of the purchase price of the lands so sold.

On March 3, 1921, appellee, F. S. McClellan, filed his suit against appellant, W. B. Gantt, in the district court of Lee county, Tex., to recover on a note for the sum of $28,856.55, said note bearing date of February 10, 1920, executed by appellant, and payable to appellee, at Giddings, Lee county, Tex.; and, further, for the foreclosure of his vendor's lien on certain lands and gravel rights in certain lands conveyed by appellee to appellant, by deed dated February 10, 1920, said note being given as a part of the purchase price thereof; also for the cancellation of a deed of conveyance to the gravel rights in a 39-acre tract of land, deeded by one Braun to appellant, Gantt, at the instance and request of appellee, as a part of the lands to be conveyed under deed of February 10, 1920, by virtue of a contemporaneous written contract, signed by appellant and appellee, which said 39-acre tract was alleged to have been paid for by appellee and taken by appellant under the same conditions as the other lands deeded direct from appellee to appellant, the consideration, among other things, being the execution of the said vendor's lien note herein sued upon; and further alleging that, by reason of such facts above stated, appellee became the equitable owner or acquired an equitable lien in the said 39-acre tract.

On October 10, 1921, appellant filed his original answer, consisting of a general demurrer, special exception, general denial; and by special answer charged that appellee had fraudulently represented the title to the land to be good, and that in truth and in fact there was a partial failure of title to the first four tracts described in said deed, aggregating 408 acres, in that appellee's immediate grantor had reserved the right to repurchase the land at $2.50 per acre upon gravel being discovered thereon, and that gravel had been discovered, and said party reserving said right to repurchase was threatening to do so, and had so notified appellant; and further, by special answer, alleged that he did not know of the existence of said reversionary interest at the time he purchased; and, further, that he did not know of the existence of two notes, aggregating $4,000, constituting a lien upon the fifth tract of land described in said deed, at the time he purchased the same, and that appellee had represented it to be clear; alleging further that he had paid the $750 consideration for the 39-acre Braun tract, and denied that appellee had any interest therein, and, further, that appellee had, by slandering the title to prospective purchasers, kept him from selling the land at a profit; and asked for damages therefor.

Appellant prayed that appellee's claim be abated in accordance with the loss sustained by him, and that he recover all damages by reason of appellee's slandering his title, together with the sum paid plaintiff, or such proportionate part as the court might find him entitled to, and that the note be canceled, and, if this could not be done, to abate the same to the extent of his loss by reason of the matters above pleaded.

In reply to said answer, appellee filed, on the 25th day of October, 1921, a supplemental petition, in which he denied the charges of fraud alleged by appellant, and asserted that appellant purchased said land with full knowledge of such defects, and, notwithstanding the fact that appellee had notified him of same, he insisted on the purchase of the land and the gravel rights; and further pleaded the execution of a contemporaneous contract, by which it was agreed that, in the event the lands were sold for a net profit over and above the $39,600 consideration within one year, appellee was to share one-half of such net profits, and this agreement included the 39-acre Braun tract; and further alleging that, although the legal title passed from Braun to Gantt by reason of said conveyance of the 39-acre tract, nevertheless appellee paid the purchase price therefor, and that he thereby became the equitable owner of the title; and, further, that under the contemporaneous written agreement the said 39-acre tract was to constitute a part of the lands and gravel rights agreed to be conveyed under the terms of

their contract of February 10, 1920; alleging that the contract for the sale of the land and gravel interest was executory; and tendered into court the note sued upon and asked that it be canceled, and, further, that the court rescind the executory contract for the sale of the lands and gravel interests, because of its breach by appellant in his failure to pay the purchase-money note; and prayed for the cancellation of the deed and contract, and for title and possession of the lands and gravel interest described in the deed of February 10, 1920, and for the title and possession of the 39-acre tract, and, further, that appellant be divested of title, and that title be vested in him to all of his above-mentioned lands and gravel rights; and, in the alternative, prayed that, if he was not entitled to a rescission of the contract of sale of said real estate, then he have judgment for the recovery of said note for $28,856.55 and for a foreclosure of his vendor's lien upon all of the lands and gravel rights, including the 39-acre Braun tract.

Appellant answered this by special exception and general denial. The case was submitted to a jury upon special issues, and, based upon the jury's findings of fact and the additional findings of fact by the trial judge, judgment was rendered for appellee for a rescission of the contract of the sale of said land and gravel rights therein, canceling the deed and contract and divesting title out of appellant to all of the lands described in said deed of date February 10, 1920, also divesting title out of appellant to the 39-acre Braun tract, and vesting title thereto in appellee, and, further, canceling the note for $28,856.55, executed by appellant February 10, 1920, to appellee, in part payment of the land and gravel rights. From which judgment this appeal, in due form, is brought to this court.

[1, 2] The proof shows: That on February 10, 1920, appellee was the owner of certain lands in fee and gravel rights in certain other lands in Fayette and Washington counties, Tex., and the owner of an option on 39 acres of land, owned by Gustav Braun, in Fayette county, Tex. That on said above date he sold the same to appellant for an agreed consideration of $39,600, of which sum $6,000 was paid in cash, and for the balance of the consideration appellant assumed the payment of certain indebtedness then existing as a lien against certain tracts of land, and, further, by the execution of a vendor's lien note in the sum of $28,856.55, for which an express lien was reserved in the deed conveying the lands and the gravel rights, and which note provided for interest at 7 per cent. per annum, and contained the usual 10 per cent. attorney's fee clause. That on said above date, and contemporaneously with the execution and delivery of the deed, appellant and appellee entered into a written agreement, whereby it was agreed that, should appellant sell the land so conveyed by appellee to him within one year for a net profit over and above $39,600, one-half of such net profit should be paid appellee, and in this was included the 39-acre Braun tract. Said contract is as follows:

"State of Texas, County of Fayette.

"Whereas, on the 10th day of February, A. D. 1920, F. S. McClellan, by his certain deed of conveyance bearing date on this day and year last aforesaid, sold and conveyed to W. B. Gantt five certain tracts of land in Fayette county, Tex., containing 660 acres, and the gravel rights under certain lands described in said deed, containing 527.75 acres, as well as 39 acres not described in said deed; and whereas, said Gantt purchased said lands and property from the said F. S. McClellan for the sum of $39,600.00, as shown by the terms of said deed; and whereas, as a part consideration for the purchase price of said land and property the said Gantt did expressly agree with the said McClellan that if said lands and gravel rights conveyed in said deed should be sold by him within 12 months from this date, the date of the deed aforesaid, for more than the price contracted in said deed to be paid for said lands and gravel, that in that event the said W. B. Gantt agreed and does by these presents agree and promise to pay to the said F. S. McClellan, his heirs and assigns, one-half of the net profits made on said lands and gravel, and by the term 'net profits' as used in this agreement is meant that all expenses personal and legal as well as commissions paid by the said W. B. Gantt shall be deducted over and above the $39,600.00 for which said land and gravel may be sold by the said Gantt.

"Executed in duplicate, either of which shall be taken for the original.

"Witness our hands, this the 10th day of February, A. D. 1920.

                    "W. B. Gantt.
                    "F. S. McClellan."

That at the date of the execution of the contract and deed appellee did not have a deed to the gravel rights in the 39-acre Braun tract, but did thereafter, on the 13th of February, 1920, secure a deed direct from Gustav Braun to appellant, paying the said Braun $750 therefor from his own funds, and it was agreed and considered and taken as a part of the conveyance of said lands from appellee to appellant as of February 10, 1920, and the consideration therefor was, among other things, the execution of the note for $28,856.55 in controversy in this case.

Although the deed was a warranty deed, with general covenants of warranty of title, the proof shows that appellant knew, before and at the time of the purchase of the lands, of a certain reversionary interest reserved in certain deeds from the Houston & Texas Central Railway Company to one Alex Rosenberg, whereby they contracted to repurchase said lands at $2.50 per acre in the event gravel was discovered thereon. Appellee introduced the deeds from the Houston & Texas Central Railway Company to Alex Rosen-

berg, all of which showed the same reversionary clause, as follows:

"It is agreed and understood that the Houston & Texas Central Railway Company shall have the right to lay a track over any of the land herein conveyed, for the purpose of reaching gravel that may hereinafter be discovered either on the land hereby conveyed or beyond the limits thereof; and, further, that, should any gravel be found on any of the land herein described, the said Houston & Texas Central Railway Company shall have the privilege of purchasing the same at the rate of $2.50 per acre, with 6 per cent. added from the date of this deed to the date of the repurchase of the same; and, further, that the railroad Y now situated on the land is to remain on it as it is undisturbed so long as the Houston & Texas Central Railway Company may desire to use the same."

Deed No. 1, from Becker to McClellan, dated May 17, 1906, and recorded in book 61, page 201, Deed Records, June 30, 1911; second deed Becker to McClellan, dated February 26, 1906, recorded in book 80, pages 179, 180 of the Deed Records of Fayette county, Tex.; third deed, Becker to McClellan, dated February 14, 1905, recorded in book 78, pages 304–305, Deed Records Fayette county, Tex. These deeds also include the reversionary clause as shown by the deed from Houston & Texas Central Railway Company to Alex Rosenberg, recorded in book 63, Deed Records of Fayette county.

There was no evidence that the railway company was asserting any claim by reason of the above reversionary clause, other than the testimony of appellant, in which he stated that it was threatening to retake the lands.

The following facts were ascertained by the answers of the jury to the special issues submitted by the court:

"Special Issue No. 4: Was the consideration paid to Gustav Braun, for the gravel on the 39 acres of land involved herein, so paid out of money belonging to the plaintiff, McClellan, or out of that belonging to the defendant, Gantt? Answer McClellan or Gantt, as you may find."

Answer: "McClellan."

"Special Issue No. 5: Was the deed to said 39 acres of land executed and delivered to said Gantt with the understanding that said 39 acres of land was to be taken by said Gantt upon the same terms and conditions that the other tracts of land were purchased by said Gantt from said McClellan? Answer Yes or No, as you may find."

Answer: "Yes."

The trial judge, in his findings of fact, among other things, found:

"That said promissory note of $28,856.55 became due and payable on the 10th day of February, 1921, and that the defendant has failed and refused to pay the same, or any part thereof, principal or interest.

"That the defendant failed to sell any of said lands and gravel described in the deed and contract within the period of 12 months after the execution and delivery of said deed and contract.

"That plaintiff is now the legal holder and owner of said note executed by defendant on the 10th day of February, 1920, for the sum of $28,856.55, and has tendered the same into court for the purpose of cancellation.

"That the defendant has pleaded no equitable defense against the plaintiff's cause of action herein. Wherefore," etc.

The findings of fact by both the trial court and the jury are sustained by the evidence.

Appellant's counsel does not present his assignments in their numerical order, and we are compelled to consider the same in groups.

[3] By his assignments Nos. 1, 4, and 5, appellant contends that the trial court erred in divesting him of the title to the gravel rights in the 39-acre Braun tract, first, because there was no pleading or proof sufficient to constitute a superior title to the gravel rights therein in appellee by reason of a resulting trust; second, because it is contended the record shows that no contract lien was created in appellee's behalf on said 39-acre tract; and, third, that the court should have instructed the jury, peremptorily for appellant for the recovery of said 39-acre tract.

We do not sustain these assignments. Appellee pleaded and proved that he paid the $750 consideration to Braun for the gravel rights in the 39-acre tract of land; and, further, that it was agreed that said 39-acre Braun tract was to constitute a part of the lands and gravel rights agreed to be conveyed by appellee to appellant, by deed dated February 10, 1920, and by the contemporaneous contract executed on said date, and that the same was to be taken as a part thereof; and, further, that the note was executed in part payment of said 39-acre tract. This, we think, is sufficient pleading, and the proof sustains the same, to create either an equitable title or lien in appellee superior to the legal title vested in appellant by reason of the deed of conveyance from Braun to him.

[4] Where one takes the legal title to land, or any right therein, purchased with the funds of another, with the understanding that it is to be included as a part of other lands contracted to be conveyed between the parties by separate deed, all of which lands and rights therein are pledged to secure the payment of a note given as a part of the purchase price, a resulting trust is thereby created in behalf of the party furnishing the funds with which to purchase the land, and a superior equitable title or lien is vested in such party so furnishing the funds to such land so conveyed by another. Taylor v. Huck, 65 Tex. 243; Simkins on Equity, p. 240; Burns v. Veritas Oil Co. (Tex. Civ. App.) 230 S. W. 444; Vaello v. Rodriguez (Tex. Civ. App.) 218 S. W. 1080–1083.

[5] The jury having found against appellant on the issue raised by the pleadings and sustained by the proof, it was not error for the court to refuse a peremptory instruction in his behalf, as all controverted questions are to be submitted to the jury. The jury having found that appellant did contract that the 39-acre tract was to be taken and considered as a part of the contract between himself and appellee, his contention for an instructed verdict is not well taken, since the testimony amply supports the verdict of the jury. Drew v. Amr. Ins. Co. (Tex. Civ. App.) 207 S. W. 548; Parks v. Sullivan (Tex. Civ. App.) 152 S. W. 704.

[6] Appellant's third assignment, wherein he complains that special issue No. 5 as given by the court and above set out was confusing and of doubtful meaning, is without merit, since he presented no special charge attempting to cure such alleged defect, and for the further reason that we do not find the charge susceptible of the exception of appellant.

[7] Appellant's sixth assignment, that the trial court erred in holding that appellee's supplemental petition was sufficient to warrant a cancellation and rescission of the executory contract for the sale of the lands and gravel rights in question is not sustained by the record. The petition alleges the executory contract of the sale of the land and gravel rights in question; that appellant breached the same, in that he failed to pay the purchase-money note therefor; that appellee was the equitable owner by reason of the reservation of title to secure the payment of the note, which note he tendered into court for cancellation, and prayed for judgment canceling the note and for a rescission of the executory contract of sale of the land and gravel rights in question and for a cancellation of the deed and contract and for title and possession of the land and gravel rights, which is sufficient pleading, if sustained by the proof, to warrant a rescission of the contract.

[8] Neither do we sustain that portion of appellant's assignment No. 6 in which he complains of the action of the trial court in permitting plaintiff to file his supplemental petition without first giving appellant notice of his intention to rescind in sufficient time for him to protect himself; appellant contending that the same was not filed until the date of the trial. The evidence discloses that appellant had evaded the service of process upon him in this suit for the term of court next preceding the one at which it was tried. By his answer he makes no tender of the amount due on the purchase-money note, but, to the contrary, seeks to defeat the same by a plea of fraud with which he charges appellee and seeks damages therefor; and further alleges a partial failure of title, and asks for a cancellation of the note because of the alleged fraud and because of a partial failure of title; and further prays for a recovery of the amount paid in cash on said lands and gravel rights; nor does he tender the deed thereto and ask that the same be canceled. By this answer, appellant is not entitled to equity in his behalf.

[9] Equity does not exert itself in behalf of one not offering to do equity. We are of the opinion that where one, suing to recover on a purchase-money note given in part payment of real estate, is compelled to amend and ask for a rescission of the executory contract of sale, in order to protect himself against the answer of the party owing the debt and in possession of the real estate, whereby fraud and partial failure of consideration is alleged, and whereby a cancellation of the note is sought, and a recovery of the purchase money already paid is sought, without an offer to surrender the note securing the note or to account for the rents and revenues of the same during the period of time that he had been in possession thereof, this does not entitle such debtor so pleading to any equitable relief. Appellant's answer herein does not entitle him to such notice of intention to rescind or any equitable relief.

[10] Where one is sued for a rescission of an executory contract for the sale of real estate because of the failure to pay a purchase-money note, he has two remedies: First, he may tender the balance due on the note and defeat a rescission; and, second, he may surrender the land, tender the deed into court, and ask for its cancellation, account for the rents and revenues of the land while in his possession, and ask for a recovery of the purchase money and such other matters as equity would entitle him to receive. Corbett v. Allman, 111 Tex. 546, 242 S. W. 456; Bolden v. Hughes, 48 Tex. Civ. App. 496, 107 S. W. 91; Smith v. Owen, 49 Tex. Civ. App. 51, 107 S. W. 929; Rutherford v. Mothershed, 42 Tex. Civ. App. 360, 92 S. W. 1021; Stinson v. Sneed (Tex. Civ. App.) 163 S. W. 989; Black on Rescission and Cancellation of Contracts, book 1, pp. 3, 4, 8, 9, 576, and 577, book 2, pp. 1581, 1587, and cases cited; White v. Cole, 87 Tex. 500, 29 S. W. 759; Efron v. Burgower (Tex. Civ. App.) 57 S. W. 306; Stone, etc., v. Boon, 73 Tex. 548, 11 S. W. 544; Pell v. Chandos (Tex. Civ. App.) 27 S. W. 48; Fullerton v. Doyle, 18 Tex. 15.

[11] However, we would not be understood as holding that where one takes title to real estate under a warranty deed, and executes a note in part payment, with the understanding that the title was good, or without knowledge of any defective title, he would be precluded from defending against a recovery on the purchase-money note, or to have the same abated to the extent of the loss by reason of the partial failure of title. And, in such event, he would not have to tender into court

the lands or the deed thereto for cancellation. Neither would he have to do so in the event of going into possession of the land under a contract that the title would be cured by the grantor.

[12] But such is not the case at bar. The jury found that appellant knew of the defects of the title at the time he went into possession of the lands, and at the time of the conveyance to him, and the evidence amply sustains their verdict. The jury's verdict also finds that appellee was not to cure the title to the land and this is amply sustained by the testimony. So in this state of the record, it is presumed that appellant, who had at least constructive notice of the defects by reason of the deeds above set forth reserving certain interests therein, and further by the finding of the jury that he had actual notice of the defects, it will be presumed that he assumed the title in the condition that it was, and took a chance on the same. Ogburn v. Whitlow, 80 Tex. 241, 15 S. W. 807, and cases cited thereunder; Cooper v. Singleton, 19 Tex. 267, 70 Am. Dec. 333, and cases cited thereunder.

In view of the answers of the jury that appellant knew of the reservation of title to a part of the lands sold to him by appellee at the time he purchased the same, and that appellee did not agree to cure such defects, the alleged error of the court in refusing to submit various special issues as to the value of the lands with or without the gravel rights, as set forth in appellant's seventh, eighth, ninth, twelfth, and thirteenth assignments, becomes immaterial, and we will not discuss the same here.

Also appellant's fourteenth assignment, that the court committed fundamental error in rescinding the sale of land without requiring appellee to make due abatement for the loss of a part of the lands, by reason of a partial failure of title, contending that appellee warranted the title and took a chance of making the same good if it should fail, is without merit, in view of the jury's answer to the questions on the special issues of fact. The jury found not only that appellant knew of such defect, but that appellee did not agree to cure the same. It will be presumed, under such state of facts, that appellant took the risk as to such defects, and is not entitled to any relief in equity. Bush v. Merrill (Tex. Com. App.) 206 S. W. 838; Mitchell v. Robinson (Tex. Civ. App.) 136 S. W. 501, and cases cited; Demaret v. Bennett, 29 Tex. 269, and cases cited.

[13] Appellant's fifteenth proposition, that it was inequitable and unjust for the court to rescind the contract without returning the $6,000 cash payment for the lands and gravel rights in question, has been answered under our opinion on the other assignments herein, that is, the jury having answered the question of knowledge of the defect of title against appellant, and, further, that appellant pleaded no facts entitling him to any equitable relief herein, we do not sustain his contention. Efron v. Burgower (Tex. Civ. App.) 57 S. W. 306; Moore v. Geisecke, 76 Tex. 543, 13 S. W. 290; McPherson v. Johnson, 69 Tex. 487, 6 S. W. 798; White v. Cole, 87 Tex. 500, 29 S. W. 759; Cattle Co. v. Boon, 73 Tex. 555, 11 S. W. 544; Ry. Co. v. Gurley, 92 Tex. 234, 47 S. W. 513; Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238.

We are of the opinion that the judgment of the trial court should be affirmed; and it is so ordered.

Affirmed.